U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HARRISON DIVISION

MAY 1 8 2010

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

PAUL PIPER, JR.                                                                    **PLAINTIFF**

v.                                    CASE NO. 10-3046

PIONEER PLASTICS, LLC,
an Arkansas Limited Liability Company                              **DEFENDANT**

### COMPLAINT

COMES Plaintiff, Paul Piper, Jr. by his undersigned attorney and for his Complaint against Defendant Pioneer Plastics, LLC, an Arkansas limited liability company, for collection of certain loans and debts, foreclosure and sale of collateral for one of the loans as hereinafter set forth, and for collection of a debt owed by him under a March 15, 2009, Settlement Agreement with Defendant, states:

### PARTIES

1.      Plaintiff, Paul Piper, Jr. ("Piper"), is a citizen and resident of 3125 Tucker Ranch Road, Wilson, Wyoming 83014.

2.      Defendant Pioneer Plastics, LLC ("Pioneer" or "Defendant Pioneer"), is an Arkansas limited liability company organized on May 23, 2005, and doing business under the laws of the state of Arkansas, with its principal place of business at 115 West Main Street, Harrison, Boone County, Arkansas 72601-5930.  Pioneer is in good standing as reported by the office of the Arkansas Secretary of State.

3.      The registered agent for service for Pioneer is one Randy Scott May ("May"), who resides and can be served in this action at 307 South Andrews Drive, Harrison, Boone County, Arkansas 72601-5930, or at the principal place of business for Pioneer in the same city. Upon information and belief, May is the acting Chairman of the Board of Managers and Chief

Executive Officer of Pioneer and a person in possession of and knowledgeable about Pioneer's books, records, financials, tax returns, checking account records, and operating assets.

## JURISDICTION

4. This Court has jurisdiction of the subject matter and of the parties under 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different states. Thus, complete diversity and the requisite amount exist for federal jurisdictional purposes.

## VENUE

5. Venue is appropriate in the Harrison Division of this Court under 28 U.S.C. § 1391(a) since Defendant Pioneer, upon information and belief, has its principal place of business located in the Harrison Division of this Court where its acting Chairman of the Board of Managers and Chief Executive Officer resides and carries on business on behalf of Pioneer. Some of its operating assets and most if not all of its books, financials, tax returns, and business records are located in Harrison, Arkansas at the residence or office of either May or Pioneer.

## HISTORICAL FACTS APPLICABLE TO PLAINTIFF'S CLAIMS

6. On December 13, 2007, for value received, Pioneer made, executed, and delivered a $1,300,000 Promissory Note to Piper ("the $1,300,000 Promissory Note") bearing interest at twelve percent (12%) per annum and payable according to its terms in thirteen (13) quarterly installments of principal and interest and, if not sooner paid, the entire unpaid principal sum and all accrued interest was due on June 30, 2011. This obligation was secured by certain collateral detailed and described therein, i.e. Cavity mold, 32 gallon lid, vendor, Micro Moules, Inc.; 35/45 gallon lid, vendor, Micro Moules, Inc.; 32 gallon base, vendor, Micro Moules, Inc.; cavity mold, 45 gallon base, vendor, Micro Moules, Inc.; cavity mold, 35 gallon base, vendor, Micro Moules,

2

Inc.; cavity mold, 32 gallon lid, vendor Red Dog Industries, Inc.; cavity mold, 32 gallon base,

vendor Red Dog Industries, Inc.; cavity mold, 26 gallon lid, vendor Sundance; cavity mold, 26

gallon base, vendor, Sundance; cavity mold, 32 gallon lid, vendor Cornerstone; cavity mold, 32

gallon base, vendor cornerstone; together with all replacements, accessions, proceeds, and

products thereof. On October 13, 2008. Piper perfected a security interest in said collateral by a

UCC-1 filing with the Arkansas Secretary of State, assigned number 7130990534, where it

appears of record.

7.      A prior lawsuit was filed in this Court on January 5, 2009, styled *Piper v. Pioneer*

*Plastics, LLC et al.* U.S.D.C., W.D. of Arkansas, Harrison Division, Case No. 3:09-cv-03001-

JLH ("the first Piper Complaint"), for collection of the $1,300,000 Promissory Note and other

Notes owed by Pioneer to Piper. Pioneer filed its Answer to the first Piper Complaint on

February 27, 2009. The case was then scheduled for trial in December, 2009. The first Piper

Complaint was voluntarily dismissed without prejudice by an Order of Voluntary Dismissal

issued by this Court on March 27, 2009, following a settlement reached by the parties after

lengthy settlement negotiations for a rework and resolution of all amounts due Piper from

Pioneer under the $1,300,000 Promissory Note.

8.      As a result of those negotiations but prior to the dismissal without prejudice of the

first Piper Complaint referenced in paragraph 7 hereof, the parties entered into and executed a

comprehensive written Settlement Agreement ("Settlement Agreement") effective as of March

15, 2009. A true copy of the Settlement Agreement executed by both Piper and Pioneer is

attached hereto as Exhibit "A" and is incorporated herein as if set out word for word.

9.      Paragraph 15 of Exhibit "A" required the execution of a new $1,000,000

Amended and Substituted Promissory Note bearing interest according to its terms (12% per

3

annum) with the same security mentioned above for the $1,300,000 Promissory Note to Piper as per paragraph 14 of Exhibit "A". The perfected security interest in the collateral described in paragraph 6 hereof and in paragraph 13 of Exhibit "A" continued uninterrupted as security for the $1,000,000 Amended and Substituted Promissory Note of Pioneer.

## COUNT I

### THE $1,000,000 AMENDED AND SUBSTITUTED PIONEER NOTE TO PIPER

10.     The allegations in paragraphs 1-9 are restated and incorporated herein as if set out word for word.

11.     Effective March 15, 2009, for value received and as required by the above terms of Exhibit "A", Pioneer made, executed, and delivered to Piper a $1,000,000 Amended and Substituted Promissory Note bearing interest at twelve percent (12%) per annum in accordance with its terms, a true copy of which is attached hereto as Exhibit "B" and is incorporated herein as if set out word for word.

12.     Pioneer is in default of the obligations owed Piper under Exhibit "B", and consequently acceleration of all amounts due thereunder as set forth therein is permitted, due to the following Events of Default having occurred without cure:

> (a) The failure of Borrower to pay any payment of Principal or any Interest payment within five (5) Business Days after the due date on which the same is due, whether at maturity, or by acceleration, or otherwise;
> (b) The failure of the Borrower to pay any other obligation owed to Lender under any other note, any credit facility, or otherwise, within five (5) Business Days after the same is due and payable;
> (c) The Borrower shall fail to perform or observe any covenant, agreement, or other provision of this Note or the Loan Agreement, or in any instrument or document delivered to Lender in connection with or pursuant to the Loan Agreement, and any such failure shall remain unremedied for ten (10) days after written notice thereof shall have been given to the Borrower; and,
> (d) The Borrower shall sell or dispose of the Collateral or any part thereof without the prior written consent of Lender or Borrower commits any act of waste in dealing with the Collateral or fails to keep the Collateral fully insured.

4

13. Pioneer has made only two (2) payments under Exhibit "B": $37,500 and $42,500 on June 19 and 22, 2009, respectively. Each was applied to principal by Piper. No payment by Pioneer has been made thereafter. No credits or setoffs are due Pioneer under Exhibit "B".

14. As set forth below in Count II, Pioneer is in default of payments owed Piper under another Promissory Note owed by Pioneer. No payments have ever been made to Piper under Exhibit "E" attached hereto and referenced below in more detail.

15. Pioneer is also in default of the "transparency provisions" of paragraphs 25 and 26 of Exhibit "A" in that it has not supplied all financial information required to one Sue Bell Accounting, LLC, agreed by the parties to receive and process the necessary information on Pioneer operations and handle the administration and accounting/financial matters for its business operations and report the same to Piper.

16. Notwithstanding the earlier agreement in paragraph 25 of Exhibit "A" on the retention of Sue Bell Accounting, LLC to handle such matters and oversee all accounting and administration functions upon timely financial information being provided by Pioneer, on April 27, 2010, Ohio counsel for Pioneer and other entities sent a certified letter to Sue Bell Accounting, LLC, terminating its services for no reason whatsoever in violation of and in repudiation of Pioneer's agreements on "Transparency" contained in paragraph 27 of the Settlement Agreement (Exhibit "A"). A copy of said letter from Michael J. McGee, Esq. is attached hereto as Exhibit "C" and is incorporated herein as if set out word for word.

17. Such action taken by Pioneer's Ohio counsel in violation of Exhibit "A" amounts to an additional Event of Default occurring under Exhibit "B" entitling Piper to accelerate all amounts due thereunder and demand payment in full.

5

18. Upon information and belief, Pioneer may no longer own the collateral pledged to Piper for Exhibit "B", thus endangering the secured position of Piper in the individual items sold or transferred. To the extent and in the event that any sale, transfer, or other disposition of the Piper collateral has occurred, this is yet another Event of Default permitting acceleration and demand by Piper for payment in full of all obligations due and owing under Exhibit "B".

19. Pioneer is also in breach of paragraph 7 of Exhibit "A" (the Settlement Agreement) by discontinuing business with Freedom Plastics, Inc., a Wyoming corporation ("Freedom") owned one hundred percent (100%) by Piper and then buying product from a competitor of Freedom. The inclusion of the sales and marketing arrangement set out in detail in paragraph 7 of Exhibit "A" was a material inducement in Piper and Freedom entering into Exhibit "A" with Pioneer and others without this bargained for consideration, Exhibit "A" never would have been agreed to. This breach constitutes yet another Event of Default under Exhibit "B" permitting acceleration and demand by Piper for payment in full of all obligations due and owing under Exhibit "B".

20. None of the above continuing Events of Default have been cured by Pioneer, and they continue to exist to the prejudice of Piper. Exhibit "B" is now and has been in default for months.

21. Piper has elected to accelerate and declare due and owing all amounts due under Exhibit "B" by sending a demand letter and acceleration letter to May, as agent for service of Pioneer, dated April 30, 2010. A true copy thereof is attached hereto as Exhibit "D" and is incorporated herein as if set out word for word.

22. Exhibit "B" at paragraph 6 contains a Security Agreement in favor of Piper whereby the collateral described in Exhibits "A" and "B" is to be recovered and sold by Piper as

6

part of the relief herein requested and as part of the remedy agreed upon by the parties for Piper
in the event of a default. Piper demands that Pioneer assemble the collateral for inspection by
him so that it can be recovered, advertised, and sold by him or his agent at a UCC sale or as
otherwise may be ordered by this Court. The security interest of Piper in and to the collateral for
Exhibit "B" is prior and senior to that held by any other creditor of Pioneer. Piper is also entitled
to injunctive relief in the nature of a temporary restraining order and permanent injunction
enjoining and restraining Pioneer from transferring, selling, pledging, or hypothecating any of
Plaintiff's collateral to a third party and further requiring Pioneer to preserve, protect, insure,
maintain, and repair said collateral pending further proceedings herein.

23.    There is now due and owing Piper under Exhibit "B" the principal sum of
$920,000 plus accrued interest as of May 15, 2010, of $155,746.02, together with all interest
thereafter accruing at twelve percent (12%) per annum, together with reasonable attorney's fees
for the services of Piper's undersigned counsel as allowed in paragraph 9 of Exhibit "B" and also
under A.C.A. § 16-22-308, if Piper is the prevailing party, together with the costs of this action.

24.    Under paragraph 13 of Exhibit "B", all collateral, proceeds of collateral, collateral
documents, and public filings therefor to perfect the security interest of Piper in the collateral for
the aforementioned $1,300,000 Promissory Note also secures Exhibit "B" for the remaining
unpaid amounts due thereunder. In addition, by agreement of the parties, Exhibit "A" at
paragraph 12 also provides for this additional secured status position in favor of Piper.

**COUNT II**

THE $100,446.57 PIONEER AMENDED AND SUBSTITUTED
PROMISSORY NOTE TO PIPER

25.    The allegations in paragraphs 1 to 24 are restated and incorporated herein as if set
out word for word.

7

26.     In February, 2008, for value received, Pioneer made, executed, and delivered to Piper a $300,000 Promissory Note which was unsecured. Once Pioneer failed and refused to make the payments due thereunder, Piper elected to declare in default all amounts due and owing thereunder. Litigation over collection of this $300,000 Promissory Note was part of the action taken in this Court by Piper as part of the first Piper Complaint as set forth in paragraph 7 hereof.

27.     Subsequently, following negotiations for a settlement of the various obligations owed to Piper by Pioneer in the first Piper Complaint which resulted in the execution and delivery of Exhibit "A", the $300,000 Pioneer Promissory Note to Piper was cancelled and a new Promissory Note effective on March 15, 2009, for value received was made, executed, and delivered by Pioneer to Piper.

28.     As part of the required performance of the parties under Exhibit "A" at paragraph 21, an unsecured $100,446.57 Amended and Substituted Promissory Note with accrued interest of $108,985.75 as of May 15, 2010, was executed by Pioneer to Piper on and effective March 15, 2009, replacing the $300,000 February, 2008, Promissory Note which was agreed by the parties to be cancelled.

29.     A true copy of the $100,446.57 Amended and Substituted Promissory Note with accrued interest thereon of $108,985.75 as of May 15, 2010, bearing interest at twelve percent (12%) per annum thereafter until fully paid is attached hereto as Exhibit "E" and is incorporated herein as if set out word for word.

30.     The $100,446.57 Amended and Substituted Pioneer Promissory Note to Piper (Exhibit "E") with accrued interest of $108,985.75 as of May 15, 2010, and interest thereafter at twelve percent (12%) per annum was due and payable in full on December 31, 2009, the maturity date. Interest was due and payable per its terms and Exhibit "A" on June 30, 2009, and

8

December 31, 2009, at which time all principal was due. No payments of principal and interest were ever made by Pioneer to Piper under Exhibit "E".

31.     The following Events of Default have occurred, and are occurring, uncured, under the terms of Exhibit "E":

A. The failure of Borrower to pay any payment of Principal or any Interest payment within five (5) Business Days after the date on which the same is due, whether at maturity or by acceleration or otherwise;

B. The failure of Borrower to pay any other obligation owed to Lender under any other note, any credit facility, or otherwise, within five (5) Business Days after the same is due and payable;

C. The Borrower shall fail to perform or observe any covenant, agreement, or other provision of this Note or the Loan Agreement, or in any instrument or document delivered to Lender in connection with or pursuant to the Loan Agreement, and any such failure shall remain unremedied for ten (10) days after written notice thereof shall have been given to the Borrower;

32.     The Events of Default described in paragraphs 15-17 hereof also constitute uncured Events of Default under Exhibit "E".

33.     There is now due and owing Piper from Pioneer under the terms of Exhibit "E" the principal sum of $100,446.57 together with accrued interest of $108,985.75 as of May 15, 2010, with interest thereafter at twelve percent (12%) per annum until fully paid. Piper is also entitled to recover his costs, attorney's fees, and expenses in collecting Exhibit "E" pursuant to paragraph 9 thereof and further pursuant to A.C.A. § 16-22-308 if he is the prevailing party.

34.     Paragraph 13 of Exhibit "E" provides that it replaces and supersedes the earlier $300,000 Pioneer Note dated February 4, 2008, between Piper and Pioneer which was agreed to be cancelled.

## COUNT III

### RECOVERY OF LITIGATION COSTS AND EXPENSES DUE PIPER FROM PIONEER UNDER SETTLEMENT AGREEMENT

9

35.     The allegations in paragraphs 1-34 are restated and incorporated herein as if set out word for word.

36.     In paragraph 29 of Exhibit "A", there is a provision for the payment and reimbursement by Pioneer of fees and expenses incurred by Piper for the collection of the aforementioned obligations described in Counts I and II due him from Pioneer. The original "cap" or limit of $100,000, was subsequently amended by the parties to remove the "cap". Pioneer and Piper then agreed that Piper was entitled to reimbursement from Pioneer of the liquidated sum of $105,000 as reasonable costs and expenses incurred in prosecuting earlier actions filed by him against Pioneer in this Court and in negotiating, drafting and having executed Exhibit "A" attached hereto.

37.     Piper is, therefore, entitled to judgment against Pioneer for breach of contract in the sum of $105,000 for such past due and unpaid litigation and collection expenses incurred by him and agreed by the parties to be valid debt obligation of Pioneer, together with pre-judgment interest thereon at the highest rate allowed by applicable law from and after April 15, 2009, since a liquidated amount is involved.

38.     Piper reserves the right to amend this Complaint pending a further investigation and discovery.

WHEREFORE, Plaintiff, Paul Piper, Jr., requests a monetary judgment, foreclosure and sale, and injunctive relief against Defendant, Pioneer Plastics, LLC, an Arkansas limited liability company, as follows:

(a) For a monetary judgment under the $1,000,000 Amended and Substituted Promissory Note (Exhibit "B") in the unpaid principal amount of $920,000, together with interest thereon of $155,746. 02 as of May 15, 2010, and accrued interest thereafter at twelve

percent (12%) per annum together with reasonable attorney's fees, court costs and other expenses as provided for in Exhibit "B" and also allowable under A.C.A. § 16-22-308 if Plaintiff is the prevailing party;

(b) That this Court order Pioneer to assemble and make available for inspection and recovery all of Piper's collateral for the $1,000,000 Amended and Substituted Promissory Note (Exhibit "B") so that the same may be preserved, protected, recovered, and sold or liquidated by Piper at a UCC sale or as the Court may otherwise direct upon judgment being entered and not paid, and so that the net proceeds from the collateral sale can be applied per Article 9 of the UCC to and Exhibit "A" reduce or satisfy, in whole or in part, the obligations owed under the $1,000,000 Amended and Substituted Promissory Note; further, that this Court enjoin Pioneer from selling, pledging, transferring or otherwise disposing of any of the collateral pending further orders of the Court;

(c) For monetary judgment under the $100,446.57 Promissory Note (Exhibit "E"), together with accrued interest thereon of $108,985.75 as of May 15, 2010, together with interest accruing thereafter at twelve percent (12%) per annum until fully paid; and all reasonable attorney's fees and costs of this action as provided for in Exhibit "E" and also allowable under A.C.A. § 16-22-308 if Piper is the prevailing party;

(d) For monetary judgment for breach of contract under paragraph 29 of the Settlement Agreement (Exhibit "A") for the sum of $105,000 representing the unpaid litigation and collection costs agreed to be paid to Piper by Pioneer and which has not been paid, together with pre-judgment interest thereon from and after April 15, 2009, at the highest rate allowed by applicable law and post-judgment interest until fully paid;

11

(c) For the award and recovery of reasonable attorney's fees allowable under A.C.A. §
16-22-308 for and allocable to the collection of the $105,000 liquidated amount due
Piper from Pioneer under the Settlement Agreement (Exhibit "A") if Piper is the
prevailing party; and,

(f) For all other proper relief, both legal and equitable, to which he may be entitled.

Respectfully submitted,

Paul Piper, Jr., Plaintiff

By: _____

Ben F. Arnold, Esq.
111 Center Street, Suite 1300
Little Rock, AR  72201
(501) 372-7243 (Telephone)
(501) 372-5553 (Facsimile)
Email: barnold.kdca@sbcglobal.net
Attorney for Plaintiff
Ark. S. Ct.  # 68001